```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIMOTHY ST. MARTIN,

                      Plaintiff,              11-CV-6490T

           v.                                  DECISION
                                               and ORDER
COMMISSIONER BARBARA FIALA,

                      Defendant.
_____
```

Plaintiff Timothy St. Martin, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against Barbara Fiala, the Commissioner of the New York State Department of Motor Vehicles claiming that his Constitutional right to due process of law has been violated by the Commissioner.  Specifically, the plaintiff contends that his right to due process was violated because he was forced to defend a traffic ticket before an administrative body, (the New York State Department of Motor Vehicles), and was not allowed to adjudicate the traffic ticket in a court of law.  He claims that the inability to contest a traffic ticket in a state court violates his right to due process of law under the United States Constitution.  Plaintiff asks that the court render invalid the administrative finding made in his case that he was speeding, and vacate the fine and fees associated with that determination.

Defendant moves to dismiss plaintiff's complaint on grounds that the State, under the 11th Amendment to the United States Constitution, is immune from suit on Constitutional Claims in Federal Court.  Defendant also moves to dismiss on grounds that the

plaintiff's claims are barred under the abstention doctrine, which provides that federal courts will abstain from asserting jurisdiction over constitutional claims where the plaintiff has an adequate state forum in which to assert those claims. Plaintiff has not opposed defendant's motion.

For the reasons set forth below, I grant defendant's motion to dismiss plaintiff's complaint.

Initially, I note that because plaintiff's proceedings before the State Department of Motor Vehicles have been completed, abstention, as suggested by the defendant pursuant to Younger v. Harris, 401 U.S. 37 (1971), is inappropriate. Abstention under the Younger doctrine is required when: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Construction, 282 F.3d at 198 (citing Grieve v. Tamerin, 269 F.3d 149, 152 (2nd. Cir. 2001). In the instant case, because there is no ongoing state proceeding, abstention is inappropriate. Unlike the case of Maidman v. State of New York, 189 WL 52347 (S.D.N.Y., May 8, 1989), cited by defendant in support of its motion, the proceedings in this case have concluded, and accordingly, there are no proceedings from which to abstain.

Pursuant to the Eleventh Amendment to the United States Constitution, however, New York State is immune from suit in

Federal Court under 42 U.S.C. § 1983 for alleged violations of constitutional rights. "The Eleventh Amendment bars § 1983 claims against states, absent their consent." Gross v. New York, 428 Fed.Appx. 52 (2nd Cir., 2011)(citing Feingold v. New York, 366 F.3d 138, 149 (2d Cir.2004). Although New York State has waived its immunity from liability under Section 1983, it has consented to be sued only in the New York Court of Claims, as opposed to federal court. Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 39 (2d Cir.1977). Accordingly, plaintiff's action against defendant Fiala, in her official capacity as Commissioner of the New York State Department of Motor Vehicles, is actually a suit against the State of New York, and as such, must be dismissed as barred by the Eleventh Amendment to the United States Constitution. Moreover, plaintiff has failed to allege any conduct on the part of the defendant which would indicate liability in her individual capacity, and thus plaintiff has failed to allege any cause of action that is not barred by New York State's sovereign immunity. Accordingly, defendant's motion to dismiss is granted, and plaintiff's complaint is dismissed with prejudice.

    ALL OF THE ABOVE IS SO ORDERED.

                S/ Michael A. Telesca

                  MICHAEL A. TELESCA
                United States District Judge

Dated:    Rochester, New York
           December 23, 2011